IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| VANEICA MACK-EPPS | * | |
| Plaintiff | * | |
| v. | * | CASE NO.: WMN-11-CV-530 |
| SUPERVALU, Inc. | * | |
| Defendant | * | |

\* \* \* \* \* \* \*

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFF'S OPPOSITION TO DEFENDANT'S
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff, Vaneica Mack-Epps, by her attorneys Kathleen M. Wobber and Parler & Wobber, L.L.P., hereby submits this Memorandum of Law in Support of her Opposition to Defendant's Motion for Summary Judgment.

### I. FACTS

The Defendant has failed to fully set forth the facts of this matter which, when reviewed in the light most favorable to Plaintiff, would lead to a denial of summary judgment.

In addition to the testimony of the Plaintiff and her niece, Marsia Roderigues, who was an eye-witness, the depositions of Defendant's corporate designee, Stanley Smoot, and the Shoppers Food Warehouse Produce Manager, Robert Ferguson, were also taken. Deposition of Stanley Smoot (hereinafter "Smoot Depo."), Exhibit A, at pg. 6, ln. 21 - pg. 7, ln. 2.

Mr. Smoot testified that Defendant has the policy of placing mats under "wet fruit" and greens. Smoot Depo. pg. 51, lns. 7-10. He defined a "wet fruit" as grapes, watermelon, apples and "stuff that people are going to drop . . . ." *Id.* pg. 51, lns. 11-14. Mr. Smoot does not know whether there was a mat under the wet fruit at the time of this incident. *Id.* pg. 51, lns. 17-20. He testified that the reason for the placement of the mats on the floor near the wet fruit, including

the grapes, is so that customers will not slip and fall. *Id.* pg. 52, ln. 14 - pg. 53, ln. 9. Specifically, Mr. Smoot testified that there should be a mat near the grapes. *Id.* pg. 53, lns. 10-16. Mr. Smoot did not know whether there was a mat running down the area where the Plaintiff fell, although he stated there should be a mat in that area. *Id.* pg. 55, lns. 11-16.

Robert Ferguson, Produce Manager for Shoppers Food Warehouse, also testified. Deposition of Robert Ferguson (hereinafter "Ferguson Depo."), Exhibit B, at pg. 4, ln. 16 – pg. 5, ln. 8. Mr. Ferguson was in the store at the time Plaintiff slipped and fell. *Id.* pg. 7, lns. 16-20. He witnessed the Plaintiff laying on the ground and bleeding. *Id.* pg. 8, lns. 4-8. Mr. Ferguson testified that the Defendant puts down mats in its fruits and vegetables sections in areas where produce items tend to frequently fall, such as the area where the grapes are located. *Id.* pg. 13, lns. 9-16. He does not know whether there was a mat in the area where Plaintiff slipped and fell. *Id.* pg. 16, lns. 2-5.

During the Plaintiff's deposition, she created a drawing on which she showed the area where she fell, and showing the grape display in the area where she fell. Deposition of Vanecia Mack-Epps (hereinafter "Mack Depo."), Exhibit C, at pg. 31, lns. 2-16; Diagram, Exhibit D. It is undisputed that Plaintiff fell on a grape. *Id.* pg. 32, lns. 15-18. In fact, there were other grapes on the floor near where the Plaintiff fell, but they were underneath the ledge of the display, and these grapes would not have been visible from a standing position. *Id.* pg. 33, lns. 3-18; Aff. of Plaintiff at ¶ 3. When Plaintiff slipped on the grape and fell, her knee hit the concrete floor. *Id.* pg. 35 lns. 1-3. There were no mats in the area where Plaintiff fell. Affidavit of Plaintiff at ¶ 2, Exhibit E.

Plaintiff's niece, Marisa Rodriques, testified that she was present after Plaintiff fell. Deposition of Marisa Rodriques (hereinafter "Rodriques Depo."), Exhibit F, at pg. 14, lns.

PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

s:\cases\mack-epps v. supervalu\memorandum.docx

18-20. While Rodriques was standing over the Plaintiff, she testified that a Shoppers Food Warehouse store employee stated "I told them about 20 minutes ago to come in here and clean this area up." Rodriques Depo. at pg. 16, lns. 11-13.

## II.   STANDARD OF REVIEW

In considering whether to grant summary judgment, the Court must review the facts in the light most favorable to the non-moving party. *Anderson v. Council of Unit Owners of Gables on Tuckerman Condominium*, 404 Md. 560, 570-71, 948 A.2d 11, 18 (2008). Any material facts which are in dispute must be resolved in favor of the non-moving party. *Harford County v. Saks*, 399 Md. 73, 82, 923 A.2d 1, 6 (2007). Any reasonable inferences which may be drawn from the facts must be construed against the moving party. *Rhoads v. Sommer*, 401 Md. 131, 148, 931 A.2d 508, 518 (2007).

## III.   ARGUMENT

Shoppers Food Warehouse, a large grocery chain owned by Defendant, was well aware of the danger posed by "wet fruit," including grapes. Defendant's corporate designee testified that the grocery store placed mats on the floor in front of wet fruit because of the danger of a customer slipping and falling. It is uncontested that there were no mats in front of the wet fruit at the time of this incident. Defendant's corporate designee admitted in deposition that the store policy was to place mats down in front of the "wet fruits," including grapes, to prevent a slip and fall - - the very accident that happened in this case.

The Restatement of Torts, as quoted in *Maans v. Giant of Md., LLC.*, sets forth the duty which a landowner owes to its invitees. *Maans v. Giant of Md., LLC*, 161 MD. App. 620, 626, 871 A.2d 627, 630-31. Specifically, a landowner is liable to an invitee if he fails to exercise reasonable care to protect the invitee against a danger which he knew or should have known by

PARLER & WOBBER, LLP
406 East Joppa Road
Towson, MD 21286

s:\cases\mack-epps v. supervalu\memorandum.docx

the exercise of reasonable care. *Id*. In this case, the Defendant admitted that it knew of the dangers of customers slipping and falling on "wet fruit," specifically including grapes. Both the corporate designee and the produce manager testified that mats are to be placed on the ground in front of the "wet fruit." Clearly this evidence is sufficient to show that the Defendant knew of the danger posed by "wet fruit" such as grapes, and while the Defendant normally took measures to protect its invitees from slipping on wet fruit, it did not do so in this case.

While a landowner is not an insurer of an invitee's safety, when he holds his place of business open to the visitor "the public is led to believe that the premises had been offered for its entry" and "the occupant assumes a duty of reasonable care to see that this place is safe for this purpose." *Mondawmin Corp. v. Kres* 258 Md. 307, 315-16, 266 A.2d 8, 14 (1970), *citing Honolulu Ltd. v. Cain*, 244 Md. 590, 224, A.2d 433 (1966). In the instant case, it is clear that the store anticipated customers might fall on certain slippery fruits including grapes. Grapes are small and it may be inferred that customers, including Plaintiff, may not see a small grape lying on the floor, although it would pose a danger to the customer. Thus, Defendant should have known the danger to Plaintiff that the wet fruits posed, in the absence of a mat. Defendant itself understood a duty to remedy the danger which wet fruit posed to its customers by virtue of its policy of placing mats near the wet fruit. Unfortunately for Plaintiff, Defendant failed to follow its own policy, thus proximately causing Plaintiff's injuries.

Plaintiff has also presented evidence that Defendant knew the produce area needed to be cleaned up before Plaintiff fell. While standing at the scene of the fall, Plaintiff's niece specifically testified that a store employee told the niece she had requested that the area be cleaned up twenty minutes prior to the Plaintiff's fall. Thus, there is also evidence that the Defendant had actual notice of the produce on the floor and had been given a full twenty minutes

to clean it up. A jury certainly could find that twenty minutes was a reasonable opportunity to respond to the request that the produce area be cleaned, and that the Defendant failed to clean up the produce in a timely fashion.

Per the Maryland cases cited previously, for liability to attach the Defendant must have either actual or constructive knowledge of a danger on its premises. In this instance, Plaintiff has shown that Defendant had both: actual knowledge of the existence of the danger and a reasonable opportunity to correct the problem via the statement by Defendant's employee to Plaintiff's niece regarding the request for clean-up, and constructive knowledge by virtue of the testimony of the corporate designee and produce manager that Defendant was aware of the danger posed by wet fruits/grapes and that Defendant should have placed mats on the floor to prevent the slip and fall.

## IV.   CONCLUSION

As there exists a dispute of material facts regarding both the actual and constructive knowledge of the Defendant, Plaintiff hereby requests that this Honorable Court deny Defendant's Motion for Summary Judgment.

Respectfully submitted,

_____/s/_____
KATHLEEN M. WOBBER #11004
**PARLER & WOBBER, LLP**
The Hemenway Building
406 E. Joppa Road
Towson, Maryland 21286
(410)832-1800

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 6th day of September, 2011, a copy of the aforegoing was mailed first-class, postage prepaid to:

Robert A. Richards, Esq.
**DeCaro, Doran, Siciliano,
Gallagher & DeBlasis, LLP**
17251 Melford Boulevard
Suite 200
Bowie, Maryland 20715
*Attorney for Defendant*

Bernard Brager, Esq.
Sun Life Building
11th Floor
20 South Charles Street
Baltimore, Maryland 21201

_____/s/_____
KATHLEEN M. WOBBER

Parler & Wobber, LLP
406 East Joppa Road
Towson, MD 21286

s:\cases\mack-epps v. supervalu\memorandum.docx