IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

VANEICA MACK-EPPS                    *
                                     *
v.                                   *    Civil Action No. WMN-11-530
                                     *
SUPERVALU, INC.                      *
                                     *
                                     *
     *    *    *    *    *    *    *    *    *    *    *    *    *    *    *

<u>**MEMORANDUM**</u>

Before the Court is Defendant's Motion for Summary
Judgment.  ECF No. 19.  Plaintiff responded to this motion but
Defendant did not file a reply.  Upon a review of the papers and
applicable case law, the Court determines that no hearing is
necessary, Local Rule 105.6, and that the motion for summary
judgment will be denied.

This is a slip-and-fall tort action.  On August 27, 2010,
Plaintiff Vaneica Mack-Epps went shopping with her niece, Marcia
Rodriguez.[1]  On their way back to Plaintiff's house, they stopped
at the Shoppers Food Warehouse ("Shoppers") at Mondawmin Mall to
pick up groceries.  Shoppers is a wholly owned subsidiary of
Defendant Supervalu, Inc., which is incorporated in Delaware and
has its principal place of business in Minnesota.  Upon arriving
at Shoppers, Ms. Rodriguez stayed outside to tend to a broken

_____

[1] The papers submitted by the parties and the deposition excerpts
are inconsistent as to the spelling of Plaintiff's niece's name.
The Court will refer to her in this memorandum as "Ms.
Rodriguez."

cell phone while Plaintiff entered alone and proceeded to the produce section.

As Plaintiff was returning an undesired watermelon to the display, she slipped and fell, her knee coming into contact with the concrete floor.  After the fall, Plaintiff discovered a mashed grape on the bottom of her shoe, as well as a few whole grapes on the floor nearby.  Ms. Rodriguez entered Shoppers about five minutes after Plaintiff and was alerted that her aunt had fallen.  After finding Plaintiff on the floor, Ms. Rodriguez spoke with a female employee who claimed to have called for the produce area to be cleaned up twenty minutes before.  It is not clear whether the grapes were the reason for that call.

Additional facts were garnered from two depositions taken to supplement the testimony of Plaintiff and Ms. Rodriguez.  The first was of Stanley Smoot, Defendant's corporate designee, who testified that there should be mats on the floor underneath "wet fruit" like grapes and watermelons.  Mr. Smoot stated that the mats were brought out to prevent customer slips and falls, but stopped short of saying this was official policy.  The second deposition was of Robert Ferguson, Shoppers' Produce Manager, who was in the store at the time of Plaintiff's fall and also testified that mats are put down where produce items tend to be dropped.  Neither Mr. Smoot nor Mr. Ferguson, however, could testify as to whether there were mats on the floor when

2

Plaintiff fell, nor can any party say with certainty how the grapes got on the floor.

In support of this motion for summary judgment, Defendant states that it had neither actual nor constructive notice of the danger posed by the grapes on the floor.  Defendant argues that the undisputed facts are legally insufficient to establish a prima facie case of negligence on the part of the Defendant.  In response, Plaintiff argues that Defendant has failed to fully address the possibility that a cleanup call occurred, or the fact that mats are customarily placed on the floor.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  Nevertheless, "if the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."  Id. at 249-50.

Where there is a factual controversy between the parties, a district court must resolve it in favor of the nonmoving party "in the sense that, where the facts specifically averred by that party contradict facts specifically averred by the movant, the

3

motion must be denied." Lujan v. Nat'l Wildlife Fed'n, 497 U.S. 871 (1990).  The nonmoving party, however, still bears the burden of "establish[ing] the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. There must be more than a "scintilla of evidence" creating the controversy; rather "there must be evidence on which the jury could reasonably find for the plaintiff." Anderson, 477 U.S. at 252.  At the summary judgment phase, this Court makes no attempt to determine credibility and weigh the evidence; these are jury functions.  Id. at 255.

Plaintiff brings a claim in negligence.  To sustain a cause of action in negligence, a party must prove the existence of four elements: 1) defendant has a duty to protect plaintiff from injury, 2) defendant breached its duty, 3) plaintiff suffered actual injury, and 4) the injury resulted from defendant's breach of the duty.  Joseph v. Bozzuto Mgmt. Co., 918 A.2d 1230, 1235 (Md. Ct. Spec. App. 2007).  While a "store operator . . . is not the insurer of the invitee's safety," Maans v. Giant of Maryland, L.L.C., 871 A.2d 627, 631 (Md. Ct. Spec. App. 2005), the store operator does have a duty to its customers that includes an "obligation to warn invitees of known hidden dangers, a duty to inspect, and a duty to take reasonable precautions against foreseeable dangers." Tennant v. Shoppers

4

<u>Food Warehouse Md. Corp.</u>, 693 A.2d 370, 388 (Md. Ct. Spec. App. 1997).  See also <u>Rawls v. Hochschild, Kohn & Co.</u>, 113 A.2d 405, 407 (Md. 1955) ("the proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition . . . ").  The issue in this case is whether Plaintiff has alleged facts upon which a reasonable jury could find that Defendant breached a recognized duty.

In order to prove a breach, Plaintiff must show that Defendant had "actual or constructive knowledge of the dangerous condition and that the knowledge was gained in sufficient time . . . to remove it or to warn the invitee." <u>Joseph</u>, 918 A.2d at 1235.  Slip-and-fall tort actions in this context are often proven through "time on the floor" evidence.  It must be shown that the dropped fruit was on the floor longer than the interval between inspections, or remained for an unreasonable amount of time after discovery.  This evidence is highly relevant "not only as to notice but also as to the issue of what care was exercised." <u>Id</u>. at 1236.  This requirement is a pragmatic one, preventing liability for something dropped just seconds prior to an accident.  To be sure, "it would be unreasonable to hold that it is [the store operator's] duty to conduct a continuous inspection tour of the store." <u>Moulden v. Greenbelt Consumer Serv., Inc.</u>, 210 A.2d 724, 726 (Md. 1965).  A store operator does not breach its duty every time a customer falls.  The

condition causing a fall must be actually preventable, either by inspection and correction or through precautionary measures.

In support of its motion, Defendant asserts that Plaintiff lacks "time on the floor" evidence and cites Joseph extensively. In Joseph, a visitor to an apartment complex slipped on an "oily substance" in a stairwell and fell to the floor, hitting his knee on the concrete.  Inspections several times per week had not discovered the danger and an employee testified that "nobody ever reported anything" prior to the fall.  Joseph, 918 A.2d at 1237.  This led to the inference that the spill may have just occurred.

Defendant's reliance on Joseph is misplaced.  In the present case, there is evidence to suggest that an employee called for a cleanup of the produce section twenty minutes prior to Plaintiff's fall.  This evidence may establish "time on the floor" and call into question whether Defendant's inspection of the floor led to corrective action quickly enough.

Beyond inspecting and correcting known dangers, Shoppers also has a duty to take reasonable precautions to protect customers from dangers foreseeable to Shoppers but that may be hidden to customers.  See Maans, 871 A.2d at 631.  Plaintiff points to testimony regarding Defendant's practice of placing mats underneath "wet fruit" to prevent customers from slipping and falling on unseen fallen produce.  By failing to reply to

Plaintiff's opposition, Defendant leaves a potential breach of
its own safety practices unchallenged.  In its motion, Defendant
relies on the Moulden case.  That case involved a grocery store
customer who slipped on a string bean found outside of the
produce section.  An assistant manager testified that the store
did not sell loose beans as bags were provided in the produce
section for them to be weighed, and that the floors had recently
been swept.  In the present case, Plaintiff's fall occurred in
the produce section.  The grape did not take a strange journey
across the store; it fell where one would expect grapes to fall,
and where Shoppers has customarily placed mats to protect
customers against the foreseeable danger posed by fallen grapes.

This case involves issues of fact about which reasonable
people could differ, and from which a reasonable jury could find
for the plaintiff.  Where there was want of "time on the floor"
evidence in the cases cited by Defendant, Ms. Rodriguez has
provided evidence to suggest that there was a twenty-minute
window where a cleanup of the produce section could have
occurred.  While it remains unclear whether the grapes were a
basis for that call, a jury could find that a cleanup should
have occurred.  Likewise, both Mr. Smoot and Mr. Ferguson
provided evidence that Shoppers customarily placed mats
underneath "wet fruit," strengthening the claim that this was a
foreseeable danger.  While it again remains unclear whether mats

were properly in place, or whether the danger is so obvious that the mats are merely a courtesy, a jury could find Shoppers had a duty to follow its own best practice and protect its customers from the foreseeable danger posed by fallen produce.

For the reasons stated above, the Defendant's Motion for Summary Judgment is DENIED.  A separate order consistent with this memorandum will be issued.

/s/
_____
William M. Nickerson
Senior United States District Judge

DATED: October 18, 2011.